UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIVERPARK ON THE BRAZOS | § | |
| PROPERTY OWNERS ASSOCIATION, INC., | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| CRAWFORD & COMPANY, AND | § | |
| CHARLES A. RUSCHER, | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Ace American Insurance Company ("Ace"), Defendant in the matter entitled "Riverpark on

the Brazos Property Owners Association, Inc. v. Ace American Insurance Company, Crawford &

Company, and Charles A. Ruscher," now pending in the 268th Judicial District Court of Fort Bend

County, Texas, bearing Cause Number 10-DCV-183967, through undersigned counsel, pursuant to

28 U.S.C. §1441 and §1446, give notice of removal of this suit from the 268th Judicial District Court

of Fort Bend County, Texas to the United States District Court in and for the Southern District of

Texas, Houston Division, for the reasons set forth below.

1.      On or about September 13, 2010, Plaintiff Riverpark on the Brazos Property Owners

Association, Inc. ("Plaintiff") filed an Original Petition in the 268th Judicial District Court of Fort

Bend County, Texas, under Cause Number 10-DCV-183967.

2.      The Citation and Original Petition were served on CT Corporation for Ace on

December 3, 2010.  The Citation and Original Petition were also served on CT Corporation for

Defendant Crawford & Company ("Crawford") on December 3, 2010.

3.      This Notice of Removal is being filed within thirty (30) days after receipt by Ace of a copy of the Citation and Plaintiff's Original Petition and is timely filed under 28 U.S.C. §1446(b).

4.      Ace and Crawford have filed answers in the state court.

5.      The above-described action is a civil action involving claims by Plaintiff for alleged breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and fraud, for insurance payments and related damages allegedly sustained in connection with Hurricane Ike at 5874 Summit Creek Drive, Sugarland, Texas 77479.

6.      This Court has original jurisdiction over this action under the provisions of 28 U.S.C. §1332, in that there is a complete diversity of citizenship among the parties, excluding the improperly named defendants Crawford and Charles A. Ruscher ("Ruscher"), to this action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

7.      Plaintiff is a Texas corporation that allegedly owns property and operates a business in Fort Bend County, Texas.

8.      At all relevant times, Ace was and is a corporation duly organized and existing under and by virtue of the laws of the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

9.      Plaintiff has also asserted causes of action against Crawford and Ruscher, both of whom are improper parties to this lawsuit.  At all relevant times, Crawford was and is a corporation duly organized and existing under and by virtue of the laws of the state of Georgia, with its principal

place of business in Atlanta, Georgia. Ruscher is believed to be a Texas resident. However, Plaintiff's improperly asserted claims against Crawford and Ruscher do not bar removal.

10. There is no reasonable basis for believing Plaintiff could recover from Crawford and/or Ruscher in state court. Although Plaintiff wrongfully alleges Crawford and/or Ruscher were assigned to adjust Plaintiff's Hurricane Ike claim, neither Crawford nor Ruscher was involved in the adjustment of Plaintiff's Hurricane Ike claim. In fact, an unrelated company and an unrelated adjuster were assigned to adjust Plaintiff's Hurricane Ike claim.

11. The doctrine of fraudulent joinder is well-recognized in the Fifth Circuit. Fraudulent joinder is established when either: (1) there has been outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) In this case, because Plaintiff's allegations relate only to its Hurricane Ike claim, and because neither Crawford nor Ruscher was involved in the adjustment of the Hurricane Ike claim, there is no possibility Plaintiff will be able to establish a state court cause of action against either Crawford or Ruscher, the Texas defendant.

12. Although Plaintiff does not specifically state a dollar amount for damages sought, the amount in controversy exceeds the jurisdictional minimum, as Plaintiff sues based on a claim for "severe damage" to the property. Plaintiff carries a policy with limits of liability totaling $1,557,586.00. A copy of the Commercial Property Declarations page from the policy, with premium information redacted, is attached as Exhibit A. Plaintiff asserts Ace's actions constitute breach of contract, multiple violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, violations of the duty of good faith and fair dealing, and fraud.

Plaintiff seeks "every element of damage allowed by Texas law" with respect to these causes of action, "including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs, consequential damages, attorneys' fees, treble damages, statutory interest, mental anguish damages, and exemplary damages."

13.     Because Crawford and Ruscher were improperly joined, their consent to removal is unnecessary. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Moreover, Ruscher has not been served with the citation, and thus his consent to removal is unnecessary.

14.     Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this Notice as required by 28 U.S.C. §1446(a).

15.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

16.     Ace will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

17.     Plaintiff demanded a jury trial in the state court suit.

18.     Pursuant to Local Rule 81, the following documents are attached hereto:

   a.     Plaintiff's Original Petition;

   b.     The Citation and Affidavit of Service as to Defendant Ace American Insurance Company;

   c.     The Citation and Affidavit of Service as to Defendant Crawford & Company;

   d.     Defendant Ace American Insurance Company's Original Answer to Plaintiff's Original Petition;

   e.     Defendant Crawford & Company's Original Answer to Plaintiff's Original Petition;

f.  The Docket sheet from the state court action;

g.  An index of matters being filed; and

h.  A list of all counsel of record, including addresses, telephone numbers and parties represented.

WHEREFORE PREMISES CONSIDERED, Defendant Ace American Insurance Company prays that the above-described action now pending in the 268th Judicial District Court of Fort Bend County, Texas be removed to this Honorable Court.

Respectfully submitted,

**PREIS & ROY, P.L.C.**

By: _____/s/_____

Frank A. Piccolo
State Bar No. 24031227
Federal No. 30197
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

**ATTORNEY-IN-CHARGE FOR DEFENDANT ACE AMERICAN INSURANCE COMPANY**

OF COUNSEL:

**PREIS & ROY**
**(A Professional Law Corporation)**
Hilary A. Frisbie
State Bar No. 24045899
Federal Bar No. 581998
Richard T. Fass
State Bar No. 06849400
Federal Bar No. 14118
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129

**CERTIFICATE OF SERVICE**

In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 30th day of December, 2010, a true and correct copy of the above and foregoing document was served on all known counsel of record by facsimile, certified mail, and/or electronic service:

> Mr. William W. Lundquist
> Ms. Caryn M. Papantonakis
> Mr. Riley L. Burnett, Jr.
> CLARK, BURNETT, LOVE & LEE, G.P.
> 440 Louisiana Street, Suite 1600
> Houston, Texas 77002
>
> Mr. Robert D. Green
> ROBERT D. GREEN & ASSOCIATES, P.C.
> 440 Louisiana Street, Suite 1930
> Houston, Texas 77002

                                        /s/
                                    _____
                                    Frank A. Piccolo

6
