COPY

Filed
10 September 13 P1:39
Annie Rebecca Elliott
District Clerk
Fort Bend District

CAUSE NO. **10-DCV- 183967**

| | | |
|---|---|---|
| RIVERPARK ON THE BRAZOS PROPERTY OWNERS ASSOCIATION, INC., | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | FORT BEND COUNTY, TEXAS |
| ACE AMERICAN INSURANCE COMPANY, CRAWFORD & COMPANY, AND CHARLES A. RUSCHER, | § § § § | |
| *Defendants.* | § § | 268 JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

Riverpark on the Brazos Property Owners Association, Inc. ("Plaintiff") files this *Plaintiff's Original Petition*, complaining of ACE American Insurance Company ("ACE"), Crawford & Company ("Crawford"), and Charles A. Ruscher ("Ruscher") and would respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and requests that the Court enter an appropriate scheduling order.

### II.
### PARTIES

2.    Plaintiff is a Texas corporation owning property and operating a business in Fort Bend County, Texas.

3.    Defendant ACE is a foreign company engaged in the business of insurance in Texas. This Defendant may be served with process by serving its registered agent, CT Corporation, 350 N. St. Paul Street, Dallas, TX 75201.

4.    Defendant Crawford & Company ("Crawford") is a foreign corporation engaged in the business of insurance in Texas. It may be served with process by serving its registered agent, CT Corp System, at 350 N. St. Paul Street, Dallas, Texas 75201.

5.    Defendant Charles A. Ruscher is a resident of the state of Texas and may be served with process at 13622 Wintercrest, Montgomery, TX 77356.

6.    The Clerk is requested to issue Citation.

### III.
### JURISDICTION AND VENUE

7.    This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court, and because the events giving rise to Plaintiff's claims occurred in this jurisdiction.

8.    This Court has jurisdiction over Defendant ACE because this Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

9.    This Court has jurisdiction over Defendant Crawford because this Defendant committed a tort in Texas and because this Defendant engages in the business of insurance in Texas.

10.    This Court has jurisdiction over Defendant Ruscher because this Defendant committed a tort in Texas, because this Defendant engages in the business of insurance in Texas, and because this defendant is domiciled in Texas.

11.    Venue is proper in this county because the property at issue in this case is in this county, and because the events giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

12.     On September 13, 2008, Plaintiff owned certain property with improvements and personal property located at 5875 Summit Creek Drive, Sugarland, TX (the "Property"), which was insured by insurance policy no. LTP D35333952, issued by Defendant ACE (the "Policy").

13.     On September 13, 2008, Hurricane Ike struck Southeast Texas, causing severe damage to the Property.

14.     After Hurricane Ike, Plaintiff made a claim and demand for payment on Defendant ACE for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

15.     Subsequent to Plaintiff making the Claim, Defendant ACE assigned its employees and/or to Defendants Crawford and Ruscher to work on Plaintiff's Claim. Defendant Ruscher was an employee and/or agent of Defendant Crawford and was acting in furtherance of the business of Defendant Crawford at all times material while adjusting the claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claim. Further, Defendant ACE has refused to pay all amounts due and owing under the Policy for the Claim.

16.     Plaintiff has complied with any and all of Plaintiff's obligations under the Policy.

## V.
## CAUSES OF ACTION

**A. Count One: Breach of Contract** (against Defendant ACE).

17.     The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant ACE. Defendant ACE breached the contract by refusing to perform its obligations under the terms of the

*Riverpark on the Brazos Property Owners Association, Inc. v. ACE American Insurance Company, et al.*
Plaintiff's Original Petition

3

Policy and pursuant to Texas law. Defendant ACE's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

**B. Count Two: Unfair Settlement Practices (against all Defendants).**

18.    Defendants violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practice.

<u>Defendant ACE</u>

19.    Defendant ACE engaged in unfair settlement practices by:

    a)  Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;

    b)  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant ACE's liability under the Policy was reasonably clear;

    c)  Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant ACE's denial of the Claim or offer of a compromise settlement of the Claim;

    d)  Failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights to Plaintiff; and/or

    e)  Refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

20.    Each of the foregoing unfair settlement practices was completed knowingly by Defendant ACE, and was a producing cause of Plaintiff's injuries and damages.

<u>Defendants Crawford and Ruscher</u>

21.    Defendants Crawford & Company and Ruscher were assigned by Defendant ACE to adjust the Claim, and were charged with investigating the Claim and communicating with the insured about Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under the Texas Insurance Code § 541.001, *et seq.*, and are individually liable for their individual violations of the

Texas Insurance Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998).

22.     Defendants Crawford and Ruscher were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including fully quantifying: 1) the damage to the structure of Plaintiff's business; 2) Plaintiff's business personal property losses; and 3) and Plaintiff's business income losses.

23.     Defendants Crawford and Ruscher failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of the Claim. These Defendants failed to fairly evaluate and adjust Plaintiff's Claim as they are obligated to do under the terms of the Policy and Texas law. By failing to properly investigate the Claim, and by undervaluing the claim, these Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff – the true value of Plaintiff's covered loss. Defendants Crawford and Ruscher also failed to provide Plaintiff a reasonable explanation as to why Defendant ACE was not compensating Plaintiff for the full value of Plaintiff's covered losses.

24.     In summary, Defendants Crawford and Ruscher individually engaged in unfair settlement practices by:

  a) Misrepresenting to Plaintiff material facts or policy provisions relating to the coverage at issue;

  b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant ACE's liability under the Policy was reasonably clear;

  c) Failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant ACE's denial of the Claim or offer of a compromise settlement of the Claim; and/or

  d) Failing to conduct a reasonable investigation of Plaintiff's Claim.

25.    Each of the foregoing unfair settlement practices was completed knowingly by Defendants

Crawford and Ruscherand was a producing cause of Plaintiff's injuries and damages.

   **C. Count Three: Prompt Payment of Claims** (against Defendant ACE).

26.    The Claim is a claim under an insurance policy with Defendant ACE, of which Plaintiff gave

Defendant ACE proper notice.  Defendant ACE is liable for the Claim.  Defendant ACE violated the

prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim,
      and/or request from Plaintiff all items, statements, and forms that Defendant ACE
      reasonably believed would be required within the time constraints provided by TEX. INS.
      CODE § 542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the
      applicable time constraints provided by TEX. INS. CODE § 542.056; and/or by

   c) Delaying payment of the Claim following Defendant ACE' receipt of all items,
      statements, and forms reasonably requested and required, longer than the amount of time
      provided by TEX. INS. CODE § 542.058.

   **D. Count Four: Breach of the Duty of Good Faith and Fair Dealing/Bad Faith** (against
   Defendant ACE).

27.    Defendant ACE breached the common law duty of good faith and fair dealing owed to

Plaintiff by denying or delaying payment on the Claim when Defendant ACE knew or should have

known that liability was reasonably clear.  Defendant ACE's conduct proximately caused Plaintiff's

injuries and damages.

   **E. Count Five: Violations of the Texas Deceptive Trade Practices Act** (against all
   Defendants).

28.    Defendants' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM.

CODE § 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and

practices."

29.    Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

30.    Defendants committed numerous violations of the D.T.P.A., insofar as Defendants:

   a)  Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)  Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c)  Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d)  Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e)  Violated the provisions of the Texas Insurance Code described herein.

31.    Defendants took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the D.T.P.A., Plaintiff suffered actual damages. In addition, Defendants committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief and mental anguish.

   F.  **Count Six: Common Law Fraud** (against all Defendants).

32.    Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits. Defendants allowed Plaintiff

to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim, and suffered injury as a result.

## VI.
## DAMAGES

33.    Upon the trial of this case, it shall be shown that Plaintiff was caused to sustain damages as a result of Defendants' conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs, consequential damages, attorneys' fees, treble damages, statutory interest, mental anguish damages, and exemplary damages.

## VII.
## JURY DEMAND

34.    Plaintiff requests a jury trial, and herewith tenders a jury fee.

## VIII.
## REQUEST FOR DISCLOSURE

35.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

---

*Riverpark on the Brazos Property Owners Association, Inc. v. ACE American Insurance Company, et al.*     8
Plaintiff's Original Petition

## IX.
## PRAYER

36.     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that final judgment be

rendered for Plaintiff as follows:

1)  Judgment against Defendants for actual damages in an amount to be
    determined by the jury;

2)  Statutory benefits;

3)  Treble damages;

4)  Exemplary and punitive damages;

5)  Pre-judgment interest as provided by law;

6)  Post judgment interest as provided by law;

7)  Attorneys' fees;

8)  Costs of suit; and

9)  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

CLARK, BURNETT, LOVE & LEE, G.P.

BY:    /s/ William W. Lundquist
         **William W. Lundquist**
         State Bar No. 24041369
         **Caryn M. Papantonakis**
         State Bar No. 24013311
         **Riley L. Burnett, Jr.**
         State Bar No. 03428900
         440 Louisiana, Suite 1600
         Houston, Texas 77002
         Telephone: (713) 757-1400
         Facsimile:  (713) 425-5315

         **Robert D. Green**
         Robert D. Green & Associates, P.C.
         State Bar No. 08368025
         440 Louisiana St., Ste. 1930
         Houston, Texas 77002
         Telephone: (713) 654-9222
         Facsimile:  (713) 654-2155

         **ATTORNEYS FOR PLAINTIFF**